# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN BEAMON III, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV416-316 |
| | ) | CR405-007 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Guilty-plea convicted of attempted bank robbery, doc. 31[1] (plea agreement), John Beamon moves under 28 U.S.C. § 2255 to have his sentence reduced pursuant to United States Sentencing Guideline § 5G1.3. Doc. 39; U.S.S.G. § 3B1.2. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be **DENIED** both as untimely and on the merits.

The Court entered judgment against him on December 2, 2005, doc. 32, and he had one year from the date his conviction became final to seek § 2255 relief. 28 U.S.C. § 2255(f). Since he filed no appeal, Beamon's conviction became final and § 2255(f)'s one-year clock began

---

[1] The Court is citing to the criminal docket in CR405-007 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

to tick on December 12, 2005. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1)(A)(i) (in 2005, defendants were required to notice their appeals within 10 days from the entry of judgment). He did not file the present § 2255 motion, however, until November 22, 2016, which is over a decade too late.[2] Doc. 39.

Beamon invokes § 2255(f)(4), explaining that his motion is timely because "the facts relied on did not exist when defendant was sentenced." Doc. 39 at 10.[3] Nothing in U.S.S.G. § 5G1.3, however, tolls

_____

[2]  The Court notes that movant also filed a motion for *nunc pro tunc* application of U.S.S.G. § 5G1.3 on July 10, 2015. Doc. 36. Even taking this earlier filing date as the effective date of filing his § 2255 motion, *see* doc. 37 (order denying motion for *nunc pro tunc* application and advising plaintiff to file a § 2255 motion to modify his sentence instead), he is still years too late in seeking § 2255 relief.

[3]  As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could

2

the limitations period *or* entitles Beamon to resentencing. Movant insists that it does; he contends that he was held in state custody for some indeterminate amount of time since 2004, pending his sentencing in federal court. Doc. 39 at 13. After his federal sentencing, *see* doc. 32 (December 2, 2005 judgment for 172 months' incarceration), Beamon was "returned to Georgia state authorities . . . to face [ ] related pending state charges" and "sentenced by the state of Georgia to 15 years of imprisonment for the related pending state charges" on December 19, 2005, doc. 39 at 13. The state court ordered the sentence to run concurrently to the already-imposed federal sentence. *Id.* Beamon seeks "pre-sentence credit for time spent in service of a state sentence, which was imposed subsequent to my federal sentence from the [Bureau of Prisons]." *Id.*[4]

U.S.S.G. § 5G1.3(b) is intended to credit defendants who have

---

have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

[4] This is not movant's first request for the time spent in state custody prior to this Court's sentencing credited against his 172 month sentence. *See, e.g.*, doc. 35 ("Beamon asks the Court to change the judgment to reflect 'credit for time served while detained in this case from Feb. 2005 through Sept. 2010.' The Court finds this request odd considering it did not sentence Beamon until December 2005."); doc. 38 (denying movant's request to modify his sentence through an 18 U.S.C. § 3852(c) motion for time "spent in state custody").

already served a term of imprisonment for the same conduct or course of conduct. *United States v. Fuentes-Tavora*, 265 F. App'x 789, 790, (11th Cir. 2008). "Under U.S.S.G § 5G1.3(b), the district court shall adjust a defendant's sentence for time already served if the term of imprisonment resulted from another offense (1) that is relevant conduct to the instant offense of conviction and (2) was the basis for an increase in the offense level for the instant offense." *Id.*

Even crediting movant's representation that the state sentence was imposed for charges related to his attempted bank robbery, at the time of Beamon's federal sentencing *no state sentence had been imposed* for his state offenses. *See* doc. 32 (federal sentence for 172 months' imprisonment imposed on December 2, 2005); doc. 39 at 13 (state sentence for 15 years' imprisonment imposed on December 19, 2005). And because no state sentence had yet been imposed at the time of federal sentencing, § 5G1.3(c)[5] was (and remains) *inapplicable* to the

---

[5]  At the time of Beamon's sentencing, § 5G1.3(c) provided as follows:

in any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for that offense.

U.S.S.G § 5G1.3(c); *See Hunter v. United States*, 2016 WL 1169579 at *4 n. 6 (S.D. Ala. Feb. 26, 2016), *adopted*, 2016 WL 1175269 (S.D. Ala. Mar. 24, 2016) ("In 2014,

calculation or terms of movant's federal sentence. This is because "at the time [he] was sentenced . . . , there was no 'undischarged term of imprisonment' in place." *Hunter*, 2016 WL 1169579 at * 4; *see also Brown v. United States*, 2010 U.S. Dist. LEXIS 136779 (D.N.J. Dec. 28, 2010) ("At the time of sentencing, Petitioner's state term was already discharged. Because § 5G1.3(c) only applies in instances where there is an "undischarged" sentence, this Court did not have the discretion to grant credit for Petitioner's already discharged sentence.").

It follows that Beamon cannot look to § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (December 16, 2005) and ran out on December 16, 2006 (one year later). His motion is therefore also untimely. [6]

Accordingly, Beamon's § 2255 motion should be **DENIED**.

---

§ 5G1.3(c) was 'redesigned as subsection (d) by Amendment 787.' U.S. Sentencing Guidelines Manual supp. to app. C at 89 (2014); *Pitts v. Warden S. Spauling*, 2015 U.S. Dist. LEXIS 165491 (M.D. Pa. Dec. 10, 2015). However, as noted, § 5G1.3(c) was the relevant provision at the time [movant] was sentenced.").

[6] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "fundamental miscarriage of justice" that "has probably resulted in the conviction of one who is actually innocent." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). Movant invokes neither tolling nor the miscarriage exception, and he offers no new evidence or exceptional circumstances to trigger either.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __1st__ day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA